**KENT LAW, PLC**
**7540 South Willow Drive**
**Tempe, Arizona 85283**
**(480) 359-KENT(5368)**
**Jonathan J. Henry, Esq.**
**State Bar No. 027976**
**Daniel C. Kaapke, Esq.**
**State Bar No. 034562**
**Litigation@Kent-Law.org**
**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Lopez Armenta, a single person;<br><br>  Plaintiff,<br><br>v.<br><br>United States of America,<br><br>  Defendant. | No.:<br><br>**COMPLAINT**<br><br>(Tort – Motor Vehicle) |

Plaintiff **MARCO LOPEZ ARMENTA**, hereinafter referred to as "Plaintiff", by and through undersigned counsel complaining of the Defendant, and in support thereof, state as follows:

**INTRODUCTION**

1.  This is an action against Defendant **UNITED STATES OF AMERICA** under the Federal Tort Claims Act, (28 USC §2671, *et seq.*) and 28 USC §1346(b)(1), for negligence in connection with a motor vehicle accident that occurred between Plaintiff and a vehicle operated by the United States Marshals Service.

1

2. The claims herein are brought against the Defendants pursuant to the Federal Tort Claims Act (28 USC §2671, *et seq.*) and 28 USC §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendants' negligence.

3. Plaintiff has fully complied with the provisions of 28 USC §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibits 1.*

4. This suit has been timely filed, in that Plaintiff timely served notice of their claims on the United States Marshals Service less than two years after the incident forming the basis of this lawsuit.

5. Plaintiff is now filing this Complaint pursuant to 28 USC §2401(b) based on the statutory period of six months having elapsed from receipt of said claim by the United States Marshals Service.

**JURISDICTION & VENUE**

6. Plaintiff **MARCO LOPEZ ARMENTA** is, and at all times relevant hereto, a resident of Maricopa County, State of Arizona.

7. The events giving rise to the cause of action set forth herein occurred within the State of Arizona and this court has jurisdiction over the subject matter and parties to this litigation.

8. Defendant **UNITED STATES OF AMERICA**, through its agency, the United States Department of Justice, operates the United States Marshals Service.

9. The acts complained of herein were committed by employees of the United States Government while acting within the scope of their office or appointment.

2

10. Jurisdiction is proper under 28 USC §1346(b)(1).

11. Venue is proper under 28 USC §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Arizona.

12. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein are legally responsible for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.

**GENERAL ALLEGATIONS OF FACT**

13. On or about June 5, 2019, in Maricopa County, Arizona, Plaintiff **MARCO LOPEZ ARMENTA** was the driver of a vehicle traveling north on 67th Avenue at the Bethan Home Road intersection in the County of Maricopa, State of Arizona.

14. At the same time, United States Marshal Cavalari (#4403), an employee of the United States Department of Justice, by and through the United States Marshals Service, an agency of Defendant **UNITED STATES OF AMERICA,** was traveling south on 67th Avenue, attempting to make a left turn onto Bethany Home Road.

15. As Plaintiff lawfully entered the aforementioned intersection on a green traffic signal, United States Marshal Cavalari failed to yield while executing a left-hand turn from a non-turning lane and caused a collision with Plaintiff's vehicle.

16. United States Marshal Cavalari intentionally, recklessly or negligently failed to operate or control his vehicle and collided with Plaintiff's vehicle.

17. Plaintiff **MARCO LOPEZ ARMENTA** was injured and damaged, and

therefore incurred monetary expenses.

**COUNT ONE: RESPONDEAT SUPERIOR**

18. Plaintiffs incorporate all previous paragraphs and allegations herein by reference as if fully set forth herein.

19. On or about June 5, 2019, and for some time prior thereto, United States Marshal Cavalari (#4403) was an employee of the United States Department of Justice, United States Marshals Services, an agency of Defendant **UNITED STATES OF AMERICA**.

20. At all relevant times to the subject incident, United States Marshal Cavalari (#4403) was acting within the course and scope of his employment with Defendant **UNITED STATES OF AMERICA**.

21. Defendant **UNITED STATES OF AMERICA** is responsible for the negligent actions of its employees on the basis of respondeat superior, master-servant, general agency principles, or otherwise.

**COUNT TWO: NEGLIGENCE PER SE**

22. Plaintiff incorporates all previous paragraphs and allegations herein by reference as if fully set forth herein.

23. Defendant **UNITED STATES OF AMERICA**, by and through United States Marshal Cavalari (#4403), was negligent in the operation of its motor vehicle when United States Marshal Cavalari failed to drive his vehicle at a reasonable and prudent speed and to avoid colliding with other vehicles on the roadway, failed to pay proper attention

4

and lookout for other vehicles on the road, failed to execute a left-hand turn from the proper position on the roadway, failed to execute a turning movement with reasonable safety, and failed to yield to closely approaching traffic at an intersection. United States Marshal Cavalari, and therefore Defendant **UNITED STATES OF AMERICA** was in violation of A.R.S. §§ 28-701(A), 28-751(2), 28-754(A), and 28-772, and accordingly is negligent per se.

24. The purpose of A.R.S. § 28-701(A) is to prevent auto collisions, such as the one that is the subject matter of this Complaint.

25. The purpose of A.R.S. § 28-751(2) is to prevent auto collisions, such as the one that is the subject matter of this Complaint.

26. The purpose of A.R.S. § 28-754(A) is to prevent auto collisions, such as the one that is the subject matter of this Complaint.

27. The purpose of A.R.S. § 28-772 is to prevent auto collisions, such as the one that is the subject matter of this Complaint.

28. United States Marshal Cavalari's, and therefore Defendant **UNITED STATES OF AMERICA's,** violations of A.R.S. §§ 28-701(A), 28-751(2), 28-754(A), and 28-772 are the legal and proximate cause of Plaintiff's injuries and damages.

29. As a result of United States Marshal Cavalari's violations of A.R.S. §§ 28-701(A), 28-751(2), 28-754(A), and 28-772, and therefore Defendant **UNITED STATES OF AMERICA'S** violations, Plaintiff suffered damages, which include, but are not limited to property damage, physical injuries, pain and suffering since the accident, past and future

5

medical expenses, loss of earnings, and mental and emotional anguish, all in an amount to be determined at trial.

### COUNT THREE: NEGLIGENCE

30. Plaintiff incorporates all previous paragraphs and all allegations herein by reference as if fully set forth herein.

31. United States Marshal Cavalari (#4403), and therefore Defendant **UNITED STATES OF AMERICA,** owed a duty to Plaintiff to operate their vehicle in a safe and prudent manner to avoid causing a motor vehicle collision with any other vehicle. The scope of this duty of care extended to Plaintiff in his vehicle.

32. United States Marshal Cavalari, and therefore Defendant **UNITED STATES OF AMERICA,** breached this duty of care toward Plaintiff when they operated their vehicle in a reckless, unsafe and unlawful manner, causing their vehicle to collide with Plaintiff's vehicle.

**33.** United States Marshal Cavalari's, and therefore Defendant **UNITED STATES OF AMERICA's,** breach of this duty is the legal and proximate cause of Plaintiff's damages, which include, but are not limited to property damage, physical injuries, pain and suffering since the accident, past and future medical expenses, loss of earnings, and mental and emotional anguish, all in an amount to be determined at trial.

. . .

. . .

. . .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **MARCO LOPEZ ARMENTA** prays for judgment against the Defendants, and each of them, as follows:

1. For such sums as and for general damages in excess of the jurisdictional minimum of this court.
2. For such sums as and for special damages as will be proven at the time of trial.
3. For pre- and post- judgment interest at the maximum rate permitted by law.
4. For costs of suit herein and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this January 17, 2022

KENT LAW PLC.

/s/ Jonathan J. Henry, Esq.
_____
Jonathan J. Henry, Esq.
Daniel C. Kaapke, Esq.
*Attorneys for Plaintiff*

# EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Office of General Counsel - Attn: OGC Torts Team<br>Building CG-3, 15th Floor<br>U.S. Marshals Service<br>Washington, D.C. 20530-0001 | Marco Armenta; 4212 N. 64th Ave.<br>Phoenix, AZ 85033<br><br>Adam C. Kent, Esq. 7540 S. Willow Dr. Tempe, AZ 85283 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/27/1995 | Single | 06/05/2019 | Wednesday | 10:46 A.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On June 5, 2019, Marco Armenta was the driver of a vehicle traveling north on 67th Avenue at Bethany Home Road in Phoenix, Arizona. U.S. Marshal Cavalari (#4403) failed to obey a red traffic signal, failed to execute a turning movement with reasonable safety, failed to yield at an intersection, failed to sound a siren while in pursuit of a suspect, and/or failed to control his speed to avoid a collision in violation of A.R.S. §§ 28-645(A)(3)(a), 28-754(A), 28-772, 28-954(E), and 28-701(A), respectively, which caused a collision with Mr. Armenta's vehicle within said intersection. Mr. Armenta suffered personal injury as a result.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Plaintiff is no longer in possession of vehicle and does not know its current location.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

2007 Hyundai Tiburon; Heavy front-end damage, rendering the vehicle undriveable (see attached photos); The location of the vehicle is unknown.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

As a result of this incident, Plaintiff Marco Armenta suffered a left forearm contusion, cervicalgia, thoracalgia, lumbalgia, myalgia, and myospasms. Please review the attached medical records for further explanation.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Charles Jenkins | 7000 W. Peck Dr., Glendale, AZ 85303; (P) 623-937-8338 |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| $60,455.80 | $35,000.00 | 0.00 | $95,455.80 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 623-848-3688 | 05/19/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE ||
|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. ||
| 15. Do you carry accident insurance?  ☒ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☐ No ||
| State Farm Insurance, P.O. Box 106171, Atlanta, GA 30348<br>Policy No.: 3004541C1303A ||
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes  ☒ No | 17. If deductible, state amount. |
| Not Applicable | 0.00 |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).<br>Not Applicable ||
| 19. Do you carry public liability and property damage insurance?  ☒ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No ||
| State Farm Insurance, P.O. Box 106171, Atlanta, GA 30348<br>Policy No.: 3004541C1303A ||

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK